NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO PEREZ-DURAZO, | No.    21-70811 |
| Petitioner, | Agency No. A201-034-021 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2025**
Las Vegas, Nevada

Before:  BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Petitioner Fernando Perez-Durazo, a native and citizen of Mexico, seeks

review of an order by the Board of Immigration Appeals (BIA), which affirmed an

Immigration Judge's (IJ) denial of cancellation of removal under 8 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1229b(b). The agency[1] denied relief because Petitioner failed to show that his "removal would result in exceptional and extremely unusual hardship" to his qualifying relatives: three U.S. citizen children. *Id.* § 1229b(b)(1)(D). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). We deny the petition.

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We review the agency's hardship determination under the "highly deferential" substantial evidence standard. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002 (9th Cir. 2025). Thus, the agency's hardship determination is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

Based on the record, the agency found the following facts. Petitioner's two youngest children, ages ten and two at the time of Petitioner's hearing before the IJ in 2018, would remain in the U.S. with their mother. Petitioner's eldest child, age fifteen in 2018, resides in Mexico with his mother. None of the children have any medical issues, and the children living in the U.S. would continue to receive government-funded healthcare upon Petitioner's removal. While Petitioner is the

---

[1] For simplicity, we refer to the BIA and the IJ collectively as "the agency."

sole financial provider for his children in the U.S., there is no reason to believe that the children's mother would be unable to work. And although Petitioner's ability to financially support his eldest child would be diminished if Petitioner were to return to Mexico, Petitioner provided no evidence about whether his eldest child's mother works or whether they receive any other financial help in Mexico. The agency also found that Petitioner's children in the U.S. would experience emotional hardship upon his removal, but Petitioner's eldest child may see Petitioner more often if he were to return to Mexico. Given these findings, the agency concluded that the "diminished standard of living and emotional hardship" caused by Petitioner's return to Mexico "is, unfortunately, not uncommon where a parent is ordered removed and does not cumulatively rise to the level of exceptional and extremely unusual hardship."

In light of the agency's factual findings, which are unreviewable, *Wilkinson*, 601 U.S. at 225, we are not compelled to conclude that the economic and emotional hardship experienced by Petitioner's children would be "out of the ordinary and exceedingly uncommon" or "deviate, in the extreme, from the norm," *Gonzalez-Juarez*, 137 F.4th at 1006.

**PETITION DENIED.**

3